MARVIN, Judge.
Mrs. Sellwood, a Minnesota resident, appeals a judgment rejecting her demands to rescind her assignment of her one-half working interest in a then unproductive oil and gas lease to defendant Myers, a Shreveport resident and the owner of the other one-half working interest, who managed the joint venture in Louisiana.
She contended below and here that Myers misrepresented to her both the risk and the expense of reworking the well on the lease to restore production and that the assignment should be rescinded because of this error in fact as to the cause of the contract. C.C. Arts. 1819, 1821, 1823, 1825. Humble Oil & Refining Company v. ChappUIs, 239 So.2d 400 (La.App.3d Cir. 1970). This issue is essentially one of credibility which is best determined by the trial court. We affirm.
As a result of negotiations by her husband, Mrs. Sellwood acquired a one-half interest in the joint venture with defendant. Myers managed the venture which dealt in productive oil and gas leases for more than 10 years. Mrs. Sellwood was responsible for one-half the expenses of operating and maintaining the venture. One well that had produced oil since a workover in 1965 became unproductive during July 1977. Myers’ proposal to rework this well caused the assignment and eventually this lawsuit.
The chances of a relatively expensive workover succeeding decreased greatly with the passage of time. Because of these factors, Myers flew to Duluth to confer with Mrs. Sellwood on July 29, 1977. He estimated that reworking might cost as much as $60,000. More than one-half of the estimated cost was attributed to a new type of easing which might be necessary to give pumping capability to the well. Myers explained that other methods might be tried and that the new type casing may or may not have to be used.
Mrs. Sellwood consulted with an engineering firm, her lawyer-brother, her trust officer, and a friend in the oil and gas business before declining to continue in the venture. Sometime between August 29 and September 13, 1977, she agreed to assign to Myers her interest in the venture upon his agreeing to pay $442, the amount charged her by the engineering firm with whom she consulted about the venture. When he learned by telephone that Mrs. Sellwood had executed the assignment on September 13, 1977, Myers did not hesitate to rework the well at his expense. Reworking began September 15, 1977. Mrs. Sellwood executed the assignment on September 13, 1977, which was received by Myers about September 28, 1977, and was recorded by him on September 30, 1977. Successful reworking of the well was effectively completed on September 21, 1977, at a cost of $21,000, without the necessity or expense of using the improved casing. Production from the well resumed about September 26, 1977, at about twice the amount it had previously produced. Mrs. Sellwood claims these results and Myers’ failure to disclose to her before he received the executed assignment that the cost of reworking was only $21,000, compel a reversal of the judgment and our rescission of the assignment. We cannot agree.
It is true that Myers, as the manager of the joint venture, owed a fiduciary duty to Mrs. Sellwood. L.R.S. 9:3801; Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963). Mrs. Sellwood agreed before September 13, 1977, to assign her interest for consideration and on that date she formally executed the assignment. The joint venture ended on September 13 at the latest, and on and after that date the entire risk of the reworking belonged to Myers. The trial court correctly found that no one could have determined the exact costs or the result of the reworking before it was attempted. Reworking did not begin until September 15, 1977, after Mrs. Sellwood executed the assignment, and did not prove successful until about the time Myers received the assignment and recorded it. Mrs. Sellwood sought and apparently relied upon the advice of her attorney and her engineering firm to reach her determination to assign her interest instead of continuing in the venture.
*426 We find no error. For reasons given below and summarized here, at appellant’s cost, judgment is
AFFIRMED.